FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 27 2018
ARTHUR JOHNSTON
BY ____ DEPUTY

## COMPLAINT

Nickson N/A
(Last Name) (Identification Number)

Jonathan Maurice
(First Name) (Middle Name)

Jackson Detention Center (Hinds County, MS Jackson Detention Center)
(Institution)

407 E. Pascagoula St.
Jackson, MS 39201-4206
(Address)

(Enter above the full name of the plaintiff, prisoner and address of plaintiff in this action)

V. CIVIL ACTION NUMBER: 3:18cv418-HTW-LRA
(to be completed by the Court)

Judge Jeff Weill Court
Hinds Co. Sheriff's Dept.
City of Jackson Police Dept.

(Enter the full name of the defendant(s) in this action)

## GENERAL INFORMATION

A. At the time of the incident complained of in this complaint, were you incarcerated?
Yes (✓) No ( )

B. Are you presently incarcerated?
Yes (✓) No ( )

C. At the time of the incident complained of in this complaint, were you incarcerated because you had been convicted of a crime?
Yes ( ) No (✓)

D. Are you presently incarcerated for a parole or probation violation?
Yes ( ) No (✓)

E. At the time of the incident complained of in this complaint, were you an inmate of the Mississippi Department of Corrections (MDOC)?
Yes ( ) No (✓)

F. Are you currently an inmate of the Mississippi Department of Corrections (MDOC)?
Yes ( ) No (✓)

**PARTIES**

(In item I below, place your name and prisoner number in the first blank and place your present address in the second blank.)

I. Name of plaintiff: Jonathan Maurice Nickson Prisoner Number: N/A

Address: 407 E. Pascagoula St. (Cell # 306-1)

Jackson, MS 39201-4206

(In item II below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use the space below item II for the names, positions and places of employment of any additional defendants.)

II. Defendant: Judge Jeff Weill, Sr. is employed as Circuit Court Judge at Hinds County Circuit Court 407 E. Pascagoula St. Jackson, MS

The plaintiff is responsible for providing his/her address and in the event of a change of address, the new address of plaintiff as well as the name(s) and address(es) of each defendant(s). Therefore, the plaintiff is required to complete the portion below:

PLAINTIFF:

| NAME: | ADDRESS: |
|---|---|
| Jonathan Nickson | 407 E. Pascagoula St. (Cell # 306-1) |
| | Jackson, MS 39201-4206 |

DEFENDANT(S):

| NAME: | ADDRESS: |
|---|---|
| Hinds County Sheriff's Dept. | 126 Court St., Raymond, MS 39154 |
| Jackson Police Dept. | 327 E. Pascagoula St., Jackson, MS 39205 |
| | |
| | |

## OTHER LAWSUITS FILED BY PLAINTIFF

**NOTICE AND WARNING**
**The plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.**

A. Have you ever filed any lawsuits in a court of the United States? Yes ( ) No (✓)

B. If your answer to A is yes, complete the following information for each and every civil action and appeal filed by you. (If there is more than one action, complete the following information for the additional actions on the reverse of this page or additional sheets of paper.)

CASE NUMBER 1.

1. Parties to the action: N/A ______
2. Court (if federal court, name the district; if state court, name the county): ______
3. Docket Number: ______
4. Name of judge to whom case was assigned: ______
5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?) ______

CASE NUMBER 2.

1. Parties to the action: N/A ______
2. Court (if federal court, name the district; if state court, name the county): ______
3. Docket Number: ______
4. Name of judge to whom case was assigned: ______
5. Disposition (for example: was the case dismissed? If so, what grounds? Was it appealed? Is it still pending?) ______



## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Also, include the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need; attach extra sheet(s) if necessary).

Please see attached Sheet.

## RELIEF

IV. State what relief you seek from the court. Make no legal arguments. Cite no cases or statutes.

I am seeking punitive damages, as well as compensation for pain + suffering for wrongful imprisonment in the amount of $3,000,000.00. Also, I'm asking that Judge Weill be removed from the bench.

Signed this 25th day of June, 20 18.

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Jonathan Jackson
Signature of plaintiff

1. I, Jonathan Nickson (age 31), was acquitted April 13, 2018 of two counts of first degree murder in the deaths of Nedra Johnson and Bradley Adams which occurred at the Sunset Plaza Apartments November 9, 2015.

   It took a jury less than three hours to render a unanimous not guilty verdict on both counts of first degree murder. However, just before the jury's deliberation, Judge Jeff Weill added second degree murder charges, as well as convicted felon in possession of a firearm for the jurors to deliberate. I was indicted/arraigned on first degree murder charges only, not second degree. Now, the jurors are confused. When the jury informed the judge that they were deadlocked on the issue of second degree murder charges, the judge declared a mistrial and set an April 30th date for a retrial of all charges without giving defense attorney Sanford Knott the opportunity to object or refute the judge's ruling. Instead, he advised Mr. Knott that he could argue his ruling in writing. This act infringes upon my rights as a free man, as I was unanimously acquitted on both charges described in his indictment/arraignment. In short, Judge Weill is in violation of the double jeopardy clause. I happen to know that a judge cannot, at any time, overturn a not guilty verdict. (new trial was postponed and rescheduled for Sept. 24, 2018).

2. At a point when both the prosecution and the defense had rested their cases to prepare for closing arguments, the prosecution made a request to Judge Weill to allow a surprise witness to testify. Defense attorney Sanford Knott objected and presented supporting legal documentation that demonstrates that at this stage, only rebuttals are allowed…not new witness testimony. Judge Weill overruled Knott's objection, allowing the prosecution to call the new witness.

3. Prior to my trial, I had a different judge who had initially allowed me to be out on bond. However, when Judge Weill took over my case he revoked my bond.

4. I have been incarcerated for over two years for a crime I didn't commit. In January, 2018 while awaiting trial, I was attacked by four men and stabbed seven times and left for dead while in custody of the Hinds County Sheriff's Department. Hinds County Sheriff's Department did not notify any of my family members of my injuries. There were no locks on the cell doors; therefore, anyone was free to come in and attack me. My family found out via social media that I was in ICU. My family had no idea what hospital I was in, so they called around to all the local facilities. Once they found out where I was, neither hospital staff nor Hinds County Sheriff's Department personnel would give them any information regarding my condition.

5. My attorney, Sanford Knot filed a motion regarding the Judge Weill's ruling; however, the hearing for the motion doesn't take place until June 20, 2018.

6. In November, 2015, Jackson Police Department wrongfully accused me of a crime I didn't commit, forcing me to turn myself in. Detectives failed to collect sound evidence to link me to the crime, such as motive, DNA/fingerprints at the crime scene, and the fact that I did not fit the description of the murder suspect.

Jonathan Nickson

Jonathan Nickson